**CARLILE v. TAUB et al.   (No. 3217.)**

(Court of Civil Appeals of Texas. Texarkana. April 1, 1926.)

**1. Landlord and tenant ⬯258—Lessors may enforce contract lien on crops, though not entitled to statutory lien because crop was stored off premises over 30 days before suit, and grown year before rents sued for were due.**

Lessors may enforce contract lien on crops for rent, though not entitled to statutory landlord's lien because crop was stored off premises more than 30 days before suit, and rents sued for were for year after crop was grown.

**2. Agriculture ⬯12—Laborer, filing no claim until three months after cessation of services, acquired no lien on crop (Rev. St. arts. 5645, 5646).**

Laborer, performing no services in production, harvesting, or preservation of crop after December, 1923, and employed on another farm during three months following, acquired no lien on crop for unpaid wages by filing claim in March, 1924, in view of Rev. St. 1911, arts. 5645, 5646.

**3. Landlord and tenant ⬯244—Laborer, not filing lien claim within statutory time, cannot attack lessors' contract lien on crop because of failure to file contract for registration (Rev. St. 1911, arts. 5645, 5646).**

Laborer, not filing lien claim within time required by Rev. St. 1911, arts. 5645, 5646, cannot attack lessors' contract lien on crop because of failure to file contract for registration.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Action by J. N. Taub and another against G. M. Olive and another, in which H. F. Car-lile intervened. From a judgment denying intervener's claim, and awarding plaintiffs the relief prayed for, intervener appeals. Affirmed.

J. S. Bracewell, of Houston, for appellant.

Amerman & Sears, of Houston, for appellees.

HODGES, J. In the latter part of the year 1922 J. N. Taub and Henry S. Fox, Jr., leased a tract of land to G. M. and G. C. Olive for a term of three years, beginning December 1, 1922, and ending November 30, 1925. The land leased was to be used for the growing of rice. The lessees were to pay an annual rental of $1,050, payable on or before December 1st of each year. The contract contained a stipulation for a lien on the crops grown on the premises to secure the rents. The amount due for the first year was paid. In the early part of the following year the lessees abandoned the premises and refused further payments. This suit was filed by the appellees in April, 1924, to enforce the collection of rent due in December of that year. They applied for, and procured, the issuance of a writ of sequestration which was levied upon 70 sacks of rice grown during the previous year. Some time later the rice was sold and the proceeds held subject to the determination of this suit.

The appellant, Carlile, intervened, claiming a laborer's lien on the rice which had been levied on. He denied that the lessors had any statutory lien or any contract lien valid against him. The lessees made no defense.

A trial before the court resulted in a judgment denying the intervener's claim, and awarding the lessors the relief prayed for. In this appeal the intervener attacks the legal conclusions of the court in holding that he was not entitled to a superior claim on the proceeds of the sale of the rice.

There is, apparently, no dispute about the material facts. Appellant, Carlile, was employed by the Olives as a farm laborer on the leased premises in June, 1923, and as such assisted in producing the crop of rice. He was to be paid $75 per month. He has received his wages up to October 1, 1923, but continued in the service of his employers till in March, 1924. On the 11th of that month he presented and filed his claim for unpaid wages, as required by the statute, in order to fix and preserve his laborer's lien. The items of his account embraced wages due for the months of October, November, and December, 1923, and January, February, and a part of March, 1924.

[1-3] Appellant's contention on this appeal is that for two reasons the appellees had no existing statutory landlord's lien at the time they filed this suit. One is that the rice levied upon had been removed from the rented premises more than 30 days. The other

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

is that the appellees could not claim a statutory landlord's lien on the crops grown during the year 1923 for rents due for use of the premises in 1924. The facts show that the rice had been stored off the rented premises more than 30 days before suit was filed, but with the consent of the landlord. It is also shown that the debt here sued for is based upon rents due for the year after the crop seized had been grown. But, conceding that the appellant's propositions are true, the appellees did have a contract lien which they might enforce against this particular property. That contract, however, had not been filed for registration, and, for that reason, counsel insist, it was not enforceable against the appellant. That proposition may be correct, and the facts might require a reversal of this judgment, if the appellant had shown that he was at the time the holder of a statutory lien. Article 5645 of the Revised Civil Statutes of 1911 requires those who would fix and preserve laborer's liens to make duplicate accounts for the amount of their wages, showing amount due. One of these is to be presented to the employer, and the other to be filed with the county clerk within 30 days after the wages accrued. Article 5646 provides that, if the employment is by the month, the wages shall be due and payable monthly. Appellant was not at any time entitled to a lien upon the rice, except for services rendered in connection with its production, harvesting, or preservation. The evidence shows that he performed no services in that respect after December, 1923. During the months of January, February, and March, 1924, he was employed upon another farm. Hence the time within which he might fix his laborer's lien on the rice in controversy had expired when he filed his claim. Being without any lien, the appellant is in no attitude to attack the contract lien of the appellees. The judgment will, therefore, be affirmed.